Case 5:25-cv-00174   Document 3   Filed on 10/17/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RICARDO ALMAZAN TAPIA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-174 |
| | § | |
| WARDEN MARIO GARCIA *et al.* | § | |

**ORDER**

Before the Court is Petitioner Ricardo Almazan Tapia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).

## I.   BACKGROUND

Petitioner is a Mexican citizen who has resided in the United States since 1995 (Dkt. No. 1 at 4, ¶ 15; 11, ¶ 42). On August 5, 2025, U.S. Immigration and Customs Enforcement apprehended Petitioner in Oklahoma (Dkt. No. 1 at 11, ¶ 43). Petitioner is alleged to be in ICE's custody at the Webb County Detention Center in Laredo (Dkt. No. 1 at 11, ¶ 43). Following his apprehension, Petitioner was placed in removal proceedings before an Immigration Court (Dkt. No. 1 at 11, ¶ 44). Before the Immigration Judge ("IJ") rendered a bond decision for Petitioner, the Board of Immigration Appeals ("BIA") issued its decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which found that section 1225 controls for individuals like Petitioner and requires the IJ to deny a bond hearing (Dkt. No. 1 at 2, ¶ 4; 5, ¶ 15). 29 I&N at 221.

---

[1] The Petition names Warden Mario Garcia, Office Director Miguel Vergara, Kristi Noem, and Pamela Bondi as respondents in this action. But Warden Garcia, "the person having custody over [Petitioner]" is the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

1

On October 10, 2025, Petitioner filed this petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and the IJ's denial violates § 1226(a) (Dkt. No. 1 at 12–13). Based on recent developments, the Court will resolve the Petition without ordering Respondents to file a response and without a hearing. *See* § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

This case aligns with an influx of recent habeas petitions challenging the federal government's detention authority during the pendency of removal proceedings under § 1225(b). *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases). At issue in these cases are two statutes in the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1225 and 1226.

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

During a hearing on a case like the one currently before the Court,[2] the Government's counsel explained that Senior Judge Lee H. Rosenthal rendered a decision on the *very same issue* the previous day (Hr'g at 01:39:15–1:39:50). Judge Rosenthal succinctly concluded "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez*, 2025 WL 2886346, at *3. Curiously, the Government's counsel

---

[2] *Covarrubias v. Vergara*, No. 5:25-cv-112 (S.D. Tex. Oct. 8, 2025), (Min. Ent. Oct. 8, 2025).

declined to defend its position in the *Covarrubias* hearing, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39).

As an initial matter, this Court is not bound by Judge Rosenthal's decision. *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). The Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Based on the abundance of cases that have already addressed these arguments and the Government's apparent timid approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[3] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three

---

[3] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3. Finally, the Court finds it appropriate to allow the Government time to provide Petitioner with a bond hearing. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ---, 2025 WL 2691828, at *13 (W.D. Tex. Sep. 22, 2025).

## IV.  CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under § 1226(a) by **October 30, 2025**. To the extent the Petition seeks Petitioner's release, it is **DENIED** at this time.

To preserve the status quo, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of him from the United States, **at least five (5) days before** any such transfer or removal.

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Respondents via certified mail return receipt requested at the following addresses:

Mario Garcia
9998 S. Highway 83
Laredo, Texas 78046

Miguel Vergara
1717 Zoy Street
Harlingen, Texas 78552

Kristi Noem
United States Secretary of Homeland Security
245 Murray Lane SW
Mail Stop 0485
Washington, District of Columbia 20528

Pamela Bondi
United States Attorney General
950 Pennsylvania Avenue NW
Washington, District of Columbia 20530

United States Attorney
Attention: Chief of the Civil Division
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
- and -

P.O. Box 1179
Laredo, Texas 78042

It is so **ORDERED**.

**SIGNED** October 17, 2025.

Marina Garcia Marmolejo
United States District Judge